IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

PETER SAVAGE, CLIFF PUCKETT,
V. MICHAEL WALLACE, AND
GABRIEL TRIPLETT,

           Plaintiffs,

           No. 3:12-cv-01317-HZ

           OPINION & ORDER

    v.

DOUG TWEEDY, PACIFIC NORTHWEST
REGIONAL COUNCIL OF CARPENTERS,
and UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA,

           Defendants.

Catherine A. Highet
PORTLAND LAW COLLECTIVES, LLP
1130 SW Morrison, Suite 407
Portland, OR 97205

    Attorney for Plaintiff

Daniel M. Shanley
James L. Francesconi

1 - OPINION & ORDER

Matthew E. Malmsheimer
HAGLUND KELLEY HORNGREN JONES & WILDER, LLP
200 SW Market Street, Suite 1777
Portland, OR 97201

      Attorneys for Doug Tweedy and Northwest Pacific Regional Council of Carpenters

Brian F. Quinn
DECARLO, CONNOR & SHANLEY PC
101 Constitution Avenue, NW
Washington, DC 20001

Daniel M. Shanley
James L. Francesconi
Matthew E. Malmsheimer
HAGLUND KELLEY HORNGREN JONES & WILDER, LLP
200 SW Market Street, Suite 1777
Portland, OR 97201

      Attorneys for United Brotherhood of Carpenters and Joiners of America

HERNANDEZ, District Judge:

      Now before me is the Motion for Injunction Pending Appeal ("Motion") (doc. #49) filed by Peter Savage ("Savage"), Cliff Puckett ("Puckett"), Gabe Triplett ("Triplett"), and V. Michael Wallace ("Wallace") (collectively "Plaintiffs") pursuant to rule 62(c) of the Federal Rules of Civil Procedure ("Rule") and rule 8(a) of the Federal Rules of Appellate Procedure ("Appellate Rule").[1] Plaintiffs' Motion requests that Doug Tweedy ("Tweedy"), the Pacific Northwest Regional Council of Carpenters ("Council" or "Regional Council"), and the United Brotherhood of Carpenters and Joiners of America ("UBC" or "International Union") (collectively, "Defendants") "be preliminarily enjoined from implementing any aspect of the penalties imposed against [P]laintiffs [on] July 13, 2012 and August 24, 2012, until thirty days after the decision of the Court of Appeals in this case;" "be preliminarily enjoined to reinstate [P]laintiffs

---

[1] Appellate Rule 8 is a procedural rule stating that Plaintiffs must "ordinarily move first in the district court for . . . an order suspending, modifying, restoring, or granting an injunction while an appeal is pending." Fed. R. App. P. 8(a).

2 - OPINION & ORDER

to any offices from which they have been removed pursuant to said penalties, until thirty days after the decision of the Court of Appeals in this case;"[2] "be preliminarily enjoined from denying [P]laintiffs any right or privilege of membership in the [UBC] or any subordinate body thereof, until thirty days after the decision of the Court of Appeals in this case;" and "be preliminarily enjoined from taking any action to collect the fines imposed on plaintiffs pursuant to said discipline or penalizing [P]laintiffs in any way for failure to pay such fines, until thirty days after the decision of the Court of Appeals in this case."[3]  Mem. in Supp. of Mot., p. 7.

Also before me is Plaintiffs' Motion to Expedite Consideration of Motion for Injunction Pending Appeal ("Motion to Expedite") (doc. #51).  Plaintiffs' Motion to Expedite requests that this Court "expedite consideration" of Plaintiffs' Motion according to Plaintiffs' proposed timeline, which requires Defendants to file a responsive brief to Plaintiffs' Motion within ten days and requires Plaintiffs to file a reply within three days of Defendants' responsive brief. Mot. to Expedite, pp. 1, 3.  For the reasons that follow, Plaintiff's Motion is DENIED and Plaintiffs' Motion to Expedite is DENIED as moot.

## BACKGROUND

For the sake of brevity, I do not repeat the background information set forth in my Opinion & Order issued on September 10, 2012, since those facts have not changed.  What has changed since my September 10, 2012, Opinion & Order, however, is that Defendants have lifted the stay of penalties imposed against Plaintiffs and accordingly, Plaintiffs are now subject to "'removal from office, suspension of membership privileges; including not holding office for six (6) years, and a monetary fine of $1,000'".  Ball Decl., Ex. 1, pp. 1-2; Id., Ex. 2, pp. 1-3.  What

---

[2] Neither party specifies or proffers evidence showing exactly which Plaintiffs have been removed from elected office.
[3] UBC is a labor organization within the meaning of 29 U.S.C. § 402(i) and the Council is a subordinate body of the UBC.

has also occurred since my September 10, 2012, Opinion & Order is that Savage withdrew as a candidate before the August 17 and 18, 2012, elections took place and that "Tweedy won the election [for Executive Secretary Treasurer ("EST")] with over 70% of the vote." Defs.' Resp. to Mot., p. 9 n. 5.

**STANDARD**

Injunctions pending appeal are governed by Rule 62(c), which provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction in terms for bond or other terms that secure the opposing party's rights." Under Rule 62(c), the factors regulating the issuance of the injunction or stay are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987)[4] (citations omitted); Humane Soc'y of U.S. v. Gutierrez, 527 F.3d 788, 789-90 (9th Cir. 2008) (same). The Ninth Circuit has recognized that "the issues of likelihood of success and irreparable injury represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Humane Soc'y, 527 F.3d at 790 (citing Golden Gate Rest. Ass'n v. City and Cnty. of S.F., 512 F.3d 1112, 1115 (9th Cir. 2008)).

Rule 62(c) creates an exception to the principle that the filing of a notice of appeal confers jurisdiction on the appellate court and divests the district court of jurisdiction over the matters at issue on appeal. See Mayweathers v. Newland, 258 F.3d 930, 935 (9th Cir. 2001) ("An exception exists under the Federal Rules of Civil Procedure . . . that allows the district court

---

[4] Plaintiffs erroneously refer to Hilton v. Braunskill, 481 U.S. 770 (1987) as Hilston.

4 - OPINION & ORDER

to retain jurisdiction to 'suspend, modify, restore, or grant an injunction during the pendency of the appeal . . . as it considers proper for the security of the rights of the adverse party.'") (Citing Rule 62(c)). "[Rule 62(c)] grants the district court no broader power than it has always inherently possessed to preserve the status quo during the pendency of an appeal; it does not restore jurisdiction to the district court to adjudicate anew the merits of the case." Natural Res. Def. Council, Inc. v. Sw. Marine, Inc., 242 F.3d 1163, 1166 (9th Cir. 2001) (internal quotations and citations omitted). Thus "any action taken pursuant to Rule 62(c) may not materially alter the status of the case on appeal." Id. (quotation marks and citations omitted).

## DISCUSSION

Both parties make blanketed references to the arguments in their briefs addressing Plaintiffs' first motion for preliminary injunction. I decline to revisit the parties' previous arguments because I have already addressed them in my September 10, 2012, Opinion & Order and because they were only based on facts that existed as of August 10, 2012, not the new facts now presented before me. That being said, I address only the parties' arguments as they relate to the factual developments that have occurred since August 10, 2012.

**I. Likelihood of Success on the Merits**

With respect to the first factor–likelihood of success on the merits–the Ninth Circuit has previously stated:

> There is some uncertainty as to the exact degree of likely success that stay petitioners must show, due principally to the fact that courts routinely use different formulations to describe this element of the stay test. What is clear, however, is that to justify a stay, petitioners need not demonstrate that it is more likely than not that they will win on the merits. . . .
>
> There are many ways to articulate the minimum quantum of likely success necessary to justify a stay–be it a "reasonable probability" or "fair prospect," as [Hollingsworth v. Perry, 130 S. Ct. 705, 710 (2010)], suggests; "a substantial case on the merits," in Hilton's words . . .; or, as articulated in [Abbassi v. I.N.S., 143

>F.3d 513, 514 (9th Cir. 1998)], that "serious legal questions are raised." We think these formulations are essentially interchangeable, and that none of them demand a showing that success is more likely than not. Regardless of how one expresses the requirement, the idea is that in order to justify a stay, a petitioner must show, at a minimum, that she has a substantial case for relief on the merits.

Leiva-Perez v. Holder, 640 F.3d 962, 966-68 (9th Cir. 2011).

Plaintiffs assert that as briefed in their initial motion for preliminary injunction, "the conduct relied upon by [D]efendants in disciplining them was protected under the LMRDA, [that] [D]efendants have pointed to no rule their conduct violated; that [D]efendants were motivated by [D]efendants' opposition to Mr. Tweedy; and that [D]efendants violated [P]laintiffs' due process rights." Mem. In Supp. of Mot., p. 4. Plaintiffs contend that "[g]iven the Court's initial determination that the arguments on either side were substantial and complex, and taking into consideration the more lenient standard appropriate when a District Court assesses the likelihood of a party's success on appeal, the Court should hold that for the purposes of the current motion, the first factor favors [P]laintiffs." Id., p. 5.

The arguments articulated by Plaintiffs are simply insufficient to meet their burden of demonstrating a "strong showing" of a likelihood of success on the merits based on the recent factual developments. It is axiomatic that Plaintiffs' reliance on the arguments made in support of their initial motion for preliminary injunction do not address how the new factual developments that have occurred since August 10, 2012–namely, the lift of the stay of penalties against Plaintiffs–now demonstrate a strong showing that they are likely to succeed on the merits pursuant to Rule 62(c). The sparse arguments in Plaintiffs' opening brief, by themselves, are simply insufficient to meet their burden of making a strong showing that they have satisfied the first Hilton factor. Accordingly, the first Hilton factor does not tip in Plaintiffs' favor.

/ / /

6 - OPINION & ORDER

**II. Irreparable Harm**

Plaintiffs contend that "the likelihood of irreparable harm . . . is now greater" because Defendants have lifted the stay imposing the penalties against them. Mem. in Supp. of Mot., p. 5. In support of their contention, Plaintiffs proffer evidence showing that the lift of the stay and reinstatement of penalties against them has resulted in their removal from office, precluded them from "holding office for six (6) years", and restored the $1,000 fines against them, which if not paid within sixty days (by October 23, 2012), will cause them to lose their union membership. Ball Decl., Ex. 1, p. 1; Mem. In Supp. of Mot., p. 5.

The potential chilling effect on Title I free speech rights is more pronounced when, as here, elected officials are actually discharged. See Sheet Metal Workers' Int'l. Ass'n v. Lynn, 488 U.S. 347, 355 (1989) ("[T]he potential chilling effect on Title I free speech rights is more pronounced when elected officials are discharged. Not only is the fired official likely to be chilled in the exercise of his own free speech rights, but so are the members who voted for him."); see also Elrod v. Burns, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."). Defendants' removal of Plaintiffs from their elected offices satisfies the irreparable harm inquiry. Accordingly, this factor tips in favor of granting Plaintiffs' motion for preliminary injunction.

**III. Substantial Injury to Other Parties**

With respect to the third factor– whether issuance of the stay will substantially injure the other parties interested in the proceeding–Plaintiffs assert that the imposition of an injunction will not substantially injure Defendants because the Regional Council election has already taken place and because the only effect of a preliminary injunction would be to restore Plaintiffs to their elected positions and delay the collection of fines. Plaintiffs also assert that where there are

no allegations that the union officers have carried out their duties improperly, there is no harm to the union of having those officers remain in office.

Defendants respond that they would be substantially injured if Plaintiffs were reinstated to office because the Court would be injecting itself unnecessarily into internal union affairs and would thereby undermine the union's internal disciplinary system. Defendants also contend that Plaintiffs' requested preliminary injunction would allow Plaintiffs to be placed in a position where they could again improperly use the union's membership lists and resources–the very reasons for which the penalties against Plaintiffs were imposed.

I find both parties' arguments meritorious, and conclude that overall, this factor is neutral and does not favor either of the parties.[5]

## IV. Public Interest

Finally, Plaintiffs assert that the public interest strongly favors protection of union members' rights. Defendants respond that Plaintiffs' argument fails because "this is not a free speech case". Resp. to Mot., p. 14. Defendants further respond that there is a strong public interest in allowing unions to function on their own without unnecessary judicial interference. Both arguments are compelling, and I conclude that like the previous factor, this factor does not favor either party.

In sum, when weighing all the relevant Hilton factors, the scales do not tip in favor of granting the preliminary injunctive relief Plaintiffs seek. As discussed above, Plaintiffs fail to make a strong showing that they are likely to succeed on the merits. The fact that Plaintiffs have shown some irreparable injury is insufficient to tip the scales in their favor under the circumstances here. See Haggard v. Curry, 631 F.3d 931, 935 (9th Cir. 2010) ("The most important factor is the first, that is, whether the [movant] has made a strong showing of likely

---

[5] Plaintiffs do not reply in any way to Defendants' arguments.

8 - OPINION & ORDER

success on the merits of its appeal of the district court's decision."); see also Humane Soc'y, 527 F.3d at 790 ("the issues of likelihood of success and irreparable injury represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases") (citation omitted).

## V. Motion to Expedite

Because Defendants filed their responsive brief within the timeframe proposed by Plaintiffs, Plaintiffs' Motion to Expedite is denied as moot.[6]

## CONCLUSION

Based on the reasons above, Plaintiffs' Motion (doc. #49) is DENIED and Plaintiffs' Motion to Expedite (doc. #51) is DENIED as moot.

IT IS SO ORDERED.

Dated this 2 day of Oct, 2012.

MARCO A. HERNANDEZ
United States District Judge

---

[6] Although Plaintiffs represented that they would file a reply within three days of Defendants' response, Plaintiffs chose not to file any reply.

9 - OPINION & ORDER