IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

PETER SAVAGE, CLIFF PUCKETT,
V. MICHAEL WALLACE, and
GABRIEL TRIPLETT,

              Plaintiffs,

                                    No. 3:12-cv-1317-HZ

                                    OPINION & ORDER

    v.

DOUG TWEEDY, PACIFIC NORTHWEST
REGIONAL COUNCIL OF CARPENTERS,
and UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA,

              Defendants.

Catherine A. Highet
PORTLAND LAW COLLECTIVES, LLP
1130 SW Morrison, Suite 407
Portland, OR 97205

        Attorney for Plaintiff

Daniel M. Shanley
James L. Francesconi

1 - OPINION & ORDER

Matthew E. Malmsheimer
HAGLUND KELLEY HORNGREN JONES & WILDER, LLP
200 SW Market Street, Suite 1777
Portland, OR 97201

    Attorneys for Doug Tweedy and Northwest Pacific Regional Council of Carpenters

Brian F. Quinn
DECARLO, CONNOR & SHANLEY PC
101 Constitution Avenue, NW
Washington, DC 20001

Daniel M. Shanley
James L. Francesconi
Matthew E. Malmsheimer
HAGLUND KELLEY HORNGREN JONES & WILDER, LLP
200 SW Market Street, Suite 1777
Portland, OR 97201

    Attorneys for United Brotherhood of Carpenters and Joiners of America

HERNANDEZ, District Judge:

    This action arises out of a union election in which Peter Savage ("Savage") campaigned against Doug Tweedy ("Tweedy") for the position of Executive Secretary Treasurer ("EST") of the Pacific Northwest Regional Council of Carpenters ("Council" or "Regional Council"). Now before me is a motion to dismiss (doc. #63) pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule") filed by Tweedy, the United Brotherhood of Carpenters and Joiners of America ("UBC" or the "International"), and the UBC's subordinate body–the Regional Council (collectively, "Defendants"). For the reasons that follow, Defendants' motion to dismiss is GRANTED in part and DENIED in part.

## BACKGROUND

    Savage, Cliff Puckett ("Puckett"), Gabe Triplett ("Triplett"), and V. Michael Wallace ("Wallace") (collectively "Plaintiffs") allege two violations of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"), one for violations of their free speech and voting rights

pursuant to sections 101(a)(1) and (2) of the LMRDA and the other for violations of their due process rights pursuant to section 101(a)(5) of the LMRDA.  Compl., ¶¶ 37-43.  The Complaint alleges that Plaintiffs are members of Local 156 and supporters of the Reform Party.  Id., ¶¶ 1-4, 7, 10-13.  It further alleges that Plaintiffs previously served as delegates to the Regional Council on behalf of Local 156, and that Puckett served as Vice President of Local 156.  The crux of the Complaint is that Defendants unlawfully charged and imposed sanctions against Plaintiffs, removed them from office, threatened to suspend their union membership, and fined them $1,000 each because Plaintiffs openly supported the Reform Party and Savage's campaign for EST.  Id., ¶¶ 20-30.

## STANDARDS

### I. Rule 12(b)(6)

In considering a Rule 12(b)(6) motion, the court must "accept as true all of the factual allegations contained in the complaint" and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted); Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009)).

A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).  The facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678

(citation omitted).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (citations and internal quotation marks omitted).

## II. Judicial Notice

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001) (citation and internal quotation marks omitted).  "There are, however, two exceptions to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion.  First, a court may consider material which is properly submitted as part of the complaint on a motion to dismiss . . . ." Id.  "Second, under Fed. R. Evid. 201, a court may take judicial notice of matters of public record." Id.  "If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity . . . is not contested and the plaintiff's complaint necessarily relies on them." Id.

### DISCUSSION

Defendants maintain that Plaintiffs' claims must be dismissed because they (1) fail to allege that their free speech and equal rights were violated; (2) fail to allege that their due process rights were violated; (3) impermissibly engage in "shotgun" pleading; and (4) fail to allege that the UBC is responsible for the acts of the Regional Council or Tweedy.

/ / /

/ / /

/ / /

## I. Preliminary Issues

### A. Judicial Notice

Defendants assert that the following documents ("Documents") attached to the

declaration[1] of Douglas J. McCarron ("McCarron"), the General President of the UBC, are

subject to judicial notice: (1) the UBC Constitution; (2) a letter written by McCarron dated

January 12, 2012[2]; and (3) the July 13, 2012, decision by the Appeals Committee of the UBC.[3]

Defendants contend that this Court may rely on the Documents without converting their motion

---

[1] The Documents were filed in support of Defendants' opposition to Plaintiffs' motion for preliminary injunction, which I denied on September 10, 2012.

[2] In McCarron's January 12, 2012, letter, he states that Plaintiffs impermissible used the telephone numbers of Local 156's members.  McCarron Decl., Ex. 3, p. 2.

[3] The July 13, 2012, decision by the Appeals Committee states:

> Appellants offer several grounds in support of their appeal, none of which we find to have merit.  For example, they contend that the charges and penalties against them were for "participating in a phone bank to ask members of their union for their votes" and, therefore, violate their free speech rights under the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA").
>
> Upon review of the record, the Appeals Committee does not find any merit with this argument.  The charges instead appear to have been brought, not because of calls being made, but rather the manner by which the Appellants went about using the resources of the union, including gaining access to the union hall and to information to make the calls.  Neither the Local Union membership nor the election committee approved of access to the Local Union and/or information to make calls, nor even authorized a phone bank.  Instead, Appellants took it upon themselves to go to the Local Union one or two nights in November 2011, gain access to the Local Union's membership list with telephone numbers, and proceed to make phone calls to members, from the Local Union. Evidence in the record indicated that at least some callers asked contacted members to vote for the Appellants' slate.  This access/opportunity was not made available to nor made known to other candidates beforehand.  The election had to be re-run.  Upon review of the record, we do not find that the charges were brought as the Appellants characterize the charges in their appeal, i.e. "The Council's stated reason for disciplining Appellants is that Appellants participated in a phone bank to ask members for their votes."

See McCarron Decl., Ex. 4.

to dismiss into a motion for summary judgment because they were "previously filed in this

litigation, and/or referenced in the Complaint".  Mem. in Supp. of Mot. to Dismiss, pp. 9-10.

Defendants maintain that when considering McCarron's January 12, 2012, letter and the July 13,

2012, Appeals Committee decision, it is clear that Plaintiffs were disciplined for their

participation in the phone bank and not for exercising their free speech rights.

   None of the cases cited by Defendants support the proposition that I may consider the

Documents without converting the motion to dismiss into a motion for summary judgment.

Defendants cite no authority stating that the mere filing of documents in a civil case

automatically transforms them into matters of public record suitable for judicial notice.  In

addition, the Complaint merely alleges that the "International vacated the election based on the

phone bank" and that "the Appeals Board denied [P]laintiffs' appeal" of their sanctions.  Compl.,

¶¶ 20, 32-33.  Defendants cite no authority establishing that such passing allegations make

judicial notice of the Documents proper or that that I must consider the veracity of the statements

in the Documents over the allegations in the Complaint.  Whether Defendants sanctioned

Plaintiffs for their speech or for a legitimate purpose is an issue which I may not resolve at this

early juncture, let alone resolve based solely on the statements in McCarron's January 12, 2012,

letter or the July 13, 2012, Appeals Committee decision.  Accordingly, Defendants' request for

judicial notice is denied.

   **B. This Court's September 10, 2012, Opinion & Order**

   Defendants repeatedly cite to this Court's September 10, 2012, Opinion & Order in

support of its motion to dismiss.  For example, Defendants selectively quote sentences in my

September 10, 2012, Opinion & Order for the proposition that this is not a free speech case.  See

Mem. in Supp. of Mot. to Dismiss, p. 12; Id., p. 12 n.12.

6 - OPINION & ORDER

My September 10, 2012, Opinion & Order only addressed whether Plaintiffs were entitled to a preliminary injunction, which suffice it to say, involves a different standard and analysis than a motion to dismiss. To the extent Defendants rely on portions of my September 10, 2012, Opinion & Order, it is misplaced and does not support dismissal of Plaintiffs' claims.

**II. First Cause of Action: Violations of Plaintiffs' Free Speech and Equal Rights**

Noted above, Plaintiffs' first claim for relief alleges that Defendants retaliated against them and interfered with their right to free speech and equal voting rights pursuant to sections 101(a)(1) and (2) of the LMRDA. Compl., ¶¶ 37-40. Defendants contend that this claim must be dismissed because Plaintiffs do not allege that Defendants had anything to do with bringing the charges against Plaintiffs. They also contend that Plaintiffs' allegation that "Defendants encouraged and assisted the charging parties in bringing charges" is conclusory and contains no factual content. Id., ¶ 24. Defendants further contend that as stated in McCarron's January 12, 2012, letter, it was Plaintiffs' own misconduct during the December 2011 election, namely their use of the phone bank, which resulted in Plaintiffs' discipline. Finally, Defendants argue that Plaintiffs' claims must be dismissed because courts should refrain from interfering with a union's internal affairs.

Section 101 (a)(1) of the LMRDA provides that:

> Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws.

"Section 101(a)(1) is an anti-discrimination provision, pure and simple. To state a claim under section 101(a)(1), a union member must allege a denial of rights accorded to other

members." Ackley v. W. Conference of Teamsters, 958 F.2d 1463, 1473 (9th Cir. 1992) (citation omitted).

Section 101(a)(2) of the LMRDA provides that:

Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings: Provided, That nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations.

"To state a cause of action for a violation of § 101(a)(2), a union member must allege facts showing that: (1) he or she exercised the right to oppose union policies; (2) he or she was subjected to retaliatory action; and (3) the retaliatory action was a direct result of his [or her] decision to express disagreement with the union's leadership." Casumpang v. Int'l Longshoremen's and Warehousemen's Union, Local 142, 269 F.3d 1042, 1058 (9th Cir. 2001) (citations and quotation marks omitted).

Plaintiffs sufficiently allege a claim for relief. Plaintiffs allege that they were retaliated against and removed from office, had their union membership suspended for six years, and fined $1,000 each because of their political opposition to Tweedy's reelection. Compl., ¶¶ 7, 10, 12, 18, 37-39. Plaintiffs also allege that because of their opposition to Tweedy, they were denied the right to phone bank even though no one "other than Reform Party candidates and supporters", such as themselves, were denied the same right.[4] Id., ¶¶ 7, 10, 12, 18. These factual allegations,

---

[4] Plaintiffs also allege that "Defendants encouraged and assisted the charging parties in bringing charges." Compl., ¶ 24. Defendants argue that this allegation does not support Plaintiffs' first claim for relief because it is conclusory and contains no factual content. Even if I were to agree with Defendants' assertion, when viewed in its entirety with the other allegations, I conclude Plaintiffs have sufficiently stated a claim for relief.

assumed to be true, are sufficient to support a claim for relief under the LMRDA. See Ackley, 958 F.2d at 1473 ("a union member must allege a denial of rights accorded to other members"); see also Casumpang, 269 F.3d at 1058. Accepting as true Plaintiffs' factual allegations and viewing all inferences in a light most favorable to Plaintiffs, I conclude that Defendants' motion to dismiss Plaintiffs' first claim for relief must be denied.

**III. Second Cause of Action: Violations of Plaintiffs' Due Process Rights**

Plaintiffs' second claim for relief alleges Defendants violated their right to due process under section 101(a)(5)(C) of the LMRDA. Defendants contend that Plaintiffs' second claim must be dismissed because the Complaint fails to allege that the trial committee ("Trial Committee")–which found Plaintiffs guilty of the charges of causing dissension, defrauding the union, and failing to obey authority–prejudged them. I am not persuaded by Defendants' contention.

Section 101(a)(5)(C) of the LMRDA provides that "[n]o member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been . . . afforded a full and fair hearing." "An unbiased or untainted finder of fact is fundamental to a full and fair hearing and procedural due process." Myers v. Affiliated Property Craftsmen Local No. 44 of Intern. Alliance of Theatrical Stage Emp. and Moving Picture Mach. Operators of U. S. and Canada, 667 F.2d 817, 820 (9th Cir. 1982). "When a member of a trial committee has admitted to prejudging the guilt of the accused before the hearing, the courts have not hesitated to rule there was no full and fair hearing as required by the L.M.R.D.A." Id.

Plaintiffs plead sufficient facts raising a reasonable inference that the Trial Committee was biased. Specifically, Plaintiffs allege that "Defendants manipulated the composition of the

Trial Committee that heard the charges [against Plaintiffs]."  Compl., ¶ 25.  The Complaint alleges that although the "Council's bylaws require a permanent standing Trial Committee selected by lottery from among the delegates to the Council[,] Defendants disbanded the standing Trial Committee the day after [P]laintiffs' charges were forwarded to trial and replaced it with a hand-picked committee."  Id.  Plaintiffs further allege that the final and third "Trial Committee was not selected by lottery but in such a manner as to disadvantage [P]laintiffs" because it "included no members from Oregon and was dominated by supporters of . . . Tweedy."  Id., ¶ 26.  Viewed in the light most favorable to Plaintiffs, the allegations in the Complaint support the reasonable inference that the Trial Committee was biased.  Defendants' motion to dismiss Plaintiffs' second claim for relief is denied.

## IV. "Group" Allegations

Defendants assert that all of Plaintiffs' claims for relief must be dismissed because the Complaint "impermissibly engaged in 'group' or 'shotgun' pleading."  Mem. in Supp. of Mot. to Dismiss, p. 20.  Defendants contend that Plaintiffs improperly group all the Defendants together without identifying which particular Defendant is liable under which of the two claims.  In support of their contention, Defendants cite Gen-Probe Inc. v Amoco Corp., 926 F. Supp. 948 (S.D. Cal. 1996) and Sollberger v. Wachovia Sec., LLC, et al., 2010 WL 2674456, No. SACV 09-0766 AG (ANx) (C.D. Cal. 2010).

Neither of the cases cited by Defendants support dismissal of Plaintiffs' claims.  In Sollberger, 2010 WL 2674456, No. SACV 09-0766 AG (ANx), at *1, plaintiff brought nine claims for relief against "multiple" defendants, including Wachovia Securities, LLC, Morgan Keegan & Company, Inc., and Janney Montgomery Scott, LLC, based on an alleged Ponzi scheme.  The court defined "shotgun pleadings" as "pleadings that overwhelm defendants with

an unclear mass of allegations and make it difficult or impossible for defendants to make

informed responses to the plaintiff's allegations", and concluded that because plaintiff's

"shotgun pleading style deprive[d] [d]efendants of knowing exactly what they [were] accused of

doing wrong", dismissal was warranted.  Id. at *4-*5.  In Gen-Probe Inc., 926 F. Supp. at 960,

plaintiff alleged that five defendants were liable for "directly infringing, contributory infringing,

and inducing the infringement of [two of its patents]".  The court concluded that plaintiff's single

"conclusory sentence" accusing "each of five defendants of three very different causes of action

on two different patents" without "adequately specifying the grounds for plaintiff's belief that

any of [the defendants] ha[d] infringed [its patents]" warranted dismissal of plaintiff's claims.

Id.

        The claims here are not so vague as to overwhelm Defendants with an unclear mass of

allegations and do not make it difficult or impossible for Defendants to adequately respond.  In

addition, Plaintiffs' allegations go well beyond the single conclusory sentence in Gen-Probe.

Defendants' motion to dismiss on the basis that Plaintiffs engaged in "shotgun pleadings" is

denied.

**V. Claims Against the UBC**

        Defendants maintain that Plaintiffs' claims must be dismissed because they make no

allegation that the UBC instigated, supported, ratified, or encouraged the alleged misconduct of

the other Defendants and make no factual allegations that would support a finding that the UBC

was part of any scheme to suppress dissent.  In support of their argument, Defendants rely on

Rodonich v. House Wreckers Union Local 95 of Laborers' International Union, 817 F.2d 967,

972 (2d Cir. 1987) where the Second Circuit held "that ratification would occur if [an

international union] affirmed the discipline imposed on plaintiffs with full knowledge that it was part of an overall scheme to suppress dissent in violation of the LMRDA."

Plaintiffs respond that "UBC ratified, and is thus liable for, the discipline [of Plaintiffs'] . . . . ." Resp., p. 1.  Plaintiffs assert that an international union, such as UBC, "ratifies and becomes liable for discipline that violates the LMRDA when it affirms that discipline with knowledge of the facts giving rise to the LMRDA violation".  Resp., pp. 18-19.  Plaintiffs cite Sheet Metal Workers v. Lynn, 488 U.S. 347, 355 (1989) for the proposition that since Rodonich, the Supreme Court has held that in actions involving elected officers rather than appointed officers, as here, Plaintiffs no longer need to prove a scheme to suppress dissent.  They contend that an international union is subject to liability when it simply denies a claimant's "appeal having before it operative facts indicating that the Regional Council's discipline violated the LMRDA."  Resp., p. 20.

Plaintiffs' arguments are unpersuasive.  In Sheet Metal Workers v. Lynn, 488 U.S. at 349, the Supreme Court affirmed the Ninth Circuit's holding that a plaintiff adequately alleges a cause of action against an international union when there is "a retaliatory removal [of an elected union official] from elective office . . . occur[ring] as 'a purposeful and deliberate attempt . . . to suppress dissent within the union."  Unlike here, however, the plaintiff in Sheet Metal Workers v. Lynn, 488 U.S. at 349 did not base his claim for relief on an agency theory of ratification, and the Supreme Court in Sheet Metal Workers v. Lynn did not hold that an international union may be liable under a ratification theory by merely denying a claimant's appeal "having before it operative facts indicating that the Regional Council's discipline violated the LMRDA", as Plaintiffs assert.  Resp., p. 20.

Additionally, Plaintiffs' theory of liability based on ratification runs afoul of the Ninth

Circuit's holding in Johnson v. National Association of Letter Carriers Branch 1100, 185 F.3d

867 (9th Cir. 1999), a decision issued after Sheet Metal Workers v. Lynn.  In Johnson, the Ninth

Circuit held that "[a] national labor organization is subject to liability for ratification only if it

affirm[s] the Local's actions with full knowledge that it was part of an overall scheme to take

actions in violation of the LMRDA."  (Citing Moore v. Local Union 569, 989 F.2d 1534, 1543

(9th Cir. 1993) (quoting Rodonich, 817 F.2d at 973)) (internal quotation marks omitted).  Here,

Plaintiffs do not allege that the UBC affirmed Local 156's actions with full knowledge that it

was part of an overall scheme to take actions in violation of the LMRDA.

In sum, Plaintiffs do not allege sufficient facts supporting their claims against the UBC

under a ratification theory.  Accordingly, Defendants' motion to dismiss Plaintiffs' claims

against the UBC is granted.

## VI. Leave to Amend the Complaint

Plaintiffs request leave to amend their Complaint in the event the Court finds that they

fail to state a claim for relief.  Rule 15(a) provides that leave to amend pleadings "shall be freely

given when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[T]his policy is to be applied with

extreme liberality."  Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1078 (9th Cir.

1990) (citation omitted).  Courts generally consider five factors when deciding whether to grant a

party leave to amend: "bad faith, undue delay, prejudice to the opposing party, futility of

amendment, and whether the plaintiff has previously amended the complaint."  Ahlmeyer v.

Nev. Sys. of Higher Educ., 555 F.3d 1051, 1055 n.3 (9th Cir. 2009).

Defendants do not oppose Plaintiffs' request for leave to file an amended complaint, and I find that leave to amend Plaintiffs' claims against the UBC would not be improper in this instance. Plaintiffs are therefore given leave to amend their claims against the UBC.

## CONCLUSION

Based on the reasons above, Defendants' motion to dismiss (doc. #63) is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

Dated this __13__ day of __Dec__, 2012.

MARCO A. HERNANDEZ
United States District Judge