IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

PETER SAVAGE, CLIFF PUCKETT,
V. MICHAEL WALLACE, and
GABRIEL TRIPLETT,

               Plaintiffs,

     v.

DOUG TWEEDY, PACIFIC NORTHWEST
REGIONAL COUNCIL OF CARPENTERS,
and UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA,

               Defendants.

No. 03:12-cv-01317-HZ

OPINION & ORDER

Catherine A. Highet
Benjamin Wright Haile
PORTLAND LAW COLLECTIVE, LLP
1130 SW Morrison, Suite 407
Portland, OR 97205

    Attorneys for Plaintiff

///

1 - OPINION & ORDER

Daniel M. Shanley
James L. Francesconi
Matthew E. Malmsheimer
HAGLUND KELLEY HORNGREN JONES & WILDER, LLP
200 SW Market Street, Suite 1777
Portland, OR 97201

    Attorneys for Doug Tweedy

Daniel M. Shanley
Patrick A. Maher
James L. Francesconi
Matthew E. Malmsheimer
HAGLUND KELLEY HORNGREN JONES & WILDER, LLP
200 SW Market Street, Suite 1777
Portland, OR 97201

    Attorneys for Northwest Pacific Regional Council of Carpenters

Brian F. Quinn
DECARLO, CONNOR & SHANLEY PC
101 Constitution Avenue, NW
Washington, D.C. 20001

Daniel M. Shanley
Patrick Maher
James L. Francesconi
Matthew E. Malmsheimer
HAGLUND KELLEY HORNGREN JONES & WILDER, LLP
200 SW Market Street, Suite 1777
Portland, OR 97201

    Attorneys for United Brotherhood of Carpenters and Joiners of America

HERNANDEZ, District Judge:

    This action arises out of an internal union election involving plaintiffs Peter Savage, Clifford Puckett, V. Michael Wallace, and Gabriel Triplett and defendants the Pacific Northwest Regional Council of Carpenters ("Regional Council"), the United Brotherhood of Carpenters and

Joiners of America ("UBC"), and Doug Tweedy–the Executive Secretary Treasurer of the Regional Council. Plaintiffs are members of Local Union 156, a subordinate body of the Regional Council. The Regional Council is, in turn, a subordinate body of the UBC.

Plaintiffs allege that they oppose the policies of Tweedy. They further allege that because they supported Savage during his campaign against Tweedy for Executive Secretary Treasurer, defendants brought internal union charges against them and fined Savage, Puckett, and Wallace $1,000 each in violation of their free speech and due process rights.

Now before me is plaintiffs' Motion for Leave to Amend Complaint (doc. #88). The proposed First Amended Complaint ("Amended Complaint") seeks an award of damages for the $1,000 fines paid by Savage, Puckett, and Wallace after they filed the operative complaint ("Complaint"). The Amended Complaint also seeks a declaratory judgment that certain portions of the UBC Constitution are facially unconstitutional and therefore, void. Defendants argue that plaintiffs' motion should be denied because plaintiffs lack good cause to modify this Court's scheduling order, plaintiffs' new facial challenge is futile, and defendants would be unduly prejudiced by the amendments.

For the reasons discussed below, I conclude that allowing the Amended Complaint is proper. Accordingly, plaintiffs' Motion for Leave to Amend Complaint (doc. #88) is GRANTED.

## BACKGROUND

The Complaint alleges two violations of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"), one for violations of their free speech and voting rights pursuant to sections 101(a)(1) and (2), and the other for violations of plaintiffs' due process rights pursuant to section 101(a)(5). Compl., ¶¶ 37-43. The Complaint alleges that because

plaintiffs openly opposed Tweedy's reelection as Executive Secretary Treasurer, defendants unlawfully charged plaintiffs for causing dissension, defrauding the union, and violating their oath of membership. Id. at ¶ 22. The Complaint also alleges that defendants improperly removed Savage, Puckett, and Wallace from their elected union positions, suspended their union membership privileges, and fined them $1,000 each. Id. at ¶¶ 28, 33.

This Court has previously addressed a number of motions in this case, including defendants' motion to dismiss, which I denied in part and granted in part in an Opinion & Order filed on December 13, 2012. Opinion & Order 7-13 (doc. #78). In the December 13, 2012, Opinion & Order, I concluded that plaintiffs could proceed with their claims against Tweedy and the Regional Council. Id. at 7-11. I, however, dismissed plaintiffs' claims against the UBC for failure to allege facts supporting their ratification theory against the UBC. Id. at 11-13. Because defendants did not oppose plaintiffs' request for leave to amend at that time, I expressly granted plaintiffs leave to amend their claims against the UBC. Id. at 14.

In the Amended Complaint, plaintiffs raise new factual allegations supporting their ratification theory against the UBC. Am. Compl. ¶¶ 35-38. They also allege that the provision in Section 51A(1) of the UBC Constitution under which they were disciplined and which prohibits members from "[c]ausing dissention among the members of the United Brotherhood" is facially invalid because it unreasonably chills activities protected by the LMRDA. Id. at ¶¶ 49-51. The Amended Complaint also seeks damages for the $1,000 fines paid by Savage, Puckett, and Wallace. Id. at 9 (d)-(e).

## STANDARD

Rule 15 states, in relevant part, that where a party has already been served with a responsive pleading, "a party may amend its pleading only with the opposing party's written

4 - OPINION & ORDER

consent or the court's leave." Fed. R. Civ. P. 15(a)(l)-(2). Leave to amend pleadings "shall be freely given when justice so requires." Id. "Five factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." E.g., Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990). The burden is on the party opposing leave to amend to show why leave should not be granted. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

## DISCUSSION

### I. Good Cause

Defendants argue that plaintiffs' motion should be denied pursuant to Rule 16(b) because plaintiffs fail to show good cause to modify this Court's October 30, 2012, scheduling order. Defs.' Opp'n 3. According to defendants, when the Court entered its scheduling order on October 30, 2012, it closed the pleadings to further amendment. Defendants' arguments fail.

Rule 16(b)(4) provides that a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Here, plaintiffs do not seek to modify the October 30, 2012, scheduling order. In addition, the order does not provide any deadline for plaintiffs to amend their Complaint. Therefore, there is no deadline to modify or need for plaintiffs to make a good cause showing under Rule 16.

None of the cases on which defendants rely support the determination that plaintiffs are precluded from amending their Complaint under these circumstances. Unlike here, all of the scheduling orders in the cases cited by defendants set forth explicit deadlines for the amendment of pleadings. For example, in Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609-10 (9th Cir. 1992), a case on which defendants heavily rely, the court denied plaintiff's motion to amend

where plaintiff filed his motion four months after the cut-off date set forth in the court's scheduling order. Similarly, in Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 n. 3 (E.D. Cal. 1999), the court denied plaintiff leave to amend after the court had already filed a pretrial scheduling order explicitly stating that "[n]o further . . . amendments to pleadings [would be] permitted except with leave of Court . . . ."

In sum, defendants fail to meet their burden of establishing that plaintiffs' motion for leave to amend should be denied pursuant to Rule 16.

## II. Futility and Prejudice

Defendants argue that this Court should deny plaintiffs' motion for leave to amend the Complaint because the amendments are futile and prejudicial. I disagree.

### A. Futility

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Sweaney v. Ada Cnty., Idaho, 119 F.3d 1385, 1393 (9th Cir. 1997) (quoting Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988)). Defendants argue that plaintiffs' facial challenge to Section 51(A)(1) of the UBC Constitution is futile because plaintiffs failed to exhaust their internal union remedies before filing this action as required under Sections 53G and 53J of the UBC Constitution.[1] Defs.' Opp'n 9-10. Defendants' arguments fail.

Here, plaintiffs present evidence showing that they exhausted their internal union remedies by filing an internal appeal to the UBC challenging the "dissension rule" as facially invalid. Highet Decl. Supp. Reply ¶ 2; Id., Ex. 1, p. 2. This evidence shows that there are facts

---

[1] Section 53G of the UBC Constitution provides, in part, that members "having any grievance may appeal to the General President [of the UBC] within thirty (30) days from the date of the election." McCarron Decl., Ex. 1, p. 80 (doc. #31). Section 53J of the UBC Constitution provides, in part, that "[a]ll members and all Local Unions . . . are required to exhaust the administrative remedies . . . before commencing proceedings in any court . . . ." Id. at 81.

which can be proved under the Amended Complaint establishing that plaintiffs exhausted their internal union remedies and that there are facts constituting a valid and sufficient claim. Therefore, it would not be futile to allow plaintiffs leave to amend.

### B. Prejudice

Defendants argue that they would be prejudiced by the Amended Complaint because plaintiffs' facial challenge to Section 51A(1) of the UBC Constitution would change the scope of this action, citing Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Defendants also argue that they would be prejudiced by plaintiffs' new request for damages arising out of the $1,000 fines paid by Savage, Puckett, and Wallace because it would require a jury trial, which according to defendants, was not required under the Complaint. Defendants' arguments lack merit.

Morongo does not support the conclusion that amendment in this instance would be unduly prejudicial. In Morongo, 893 F.2d at 1076-77, plaintiff sought to enforce a tribal ordinance regulating bingo games against defendants, who were allegedly conducting unauthorized bingo games on plaintiff's reservation. Nearly two years after filing its complaint, plaintiff sought leave to amend by adding "new federal claims . . . based upon the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961-1968 (1982[)], 25 U.S.C. § 81 (regulating contracts with tribes), criminal depredation and trespass statutes, 18 U.S.C. §§ 1160 and 1163, and 42 U.S.C. § 1985." Id. at 1079. The Ninth Circuit concluded that the new federal claims would "greatly alter[] the nature of the litigation and would . . . require[] defendants to have undertaken, at a late hour, an entirely new course of defense." Id.

Morongo is distinguishable on its facts. Unlike the plaintiff in Morongo, which filed its motion for leave to amend at a "late hour" and nearly two years after filing its complaint,

plaintiffs here filed their motion for leave to amend the Complaint less than one year after filing this action. Furthermore, unlike <u>Morongo</u>, this Court expressly granted plaintiffs leave to amend their complaint after defendants' motion to dismiss was granted in part and denied in part. Finally, unlike the new federal law claims raised in <u>Morongo</u>, the new claims raised in the Amended Complaint do not require defendants to undertake "an entirely new course of defense" or greatly alter "the nature of the litigation". Accordingly, defendants' reliance on <u>Morongo</u> is misplaced.

     Defendants' argument that they will be prejudiced because plaintiffs' new claims will now require them to have a jury trial is also misplaced. Plaintiffs have consistently sought a jury trial since filing this action. In fact, the title of the Complaint expressly demands a jury trial. In addition, pursuant to the Rule 16 Conference held on October 30, 2012–at which defendants themselves participated–defendants agreed to the setting of a jury trial. <u>See</u> Order (doc. #66). Based on the Rule 16 Conference, this Court set a jury trial for October 8, 2013. <u>Id.</u> At no point during the Rule 16 Conference or between the Rule 16 Conference and the filing of plaintiffs' motion for leave to amend have defendants expressed any opposition to a jury trial. To now argue that the amendments to the Complaint would be unduly prejudicial because they may require determinations by a fact-finder is simply unpersuasive.

     In addition, I am not persuaded by defendants' assertion that an amendment to a complaint requiring a jury trial, by itself, amounts to undue prejudice warranting the denial of a motion for leave to amend. Even if plaintiffs' proposed complaint were to entitle them to a jury trial, that fact alone would not amount to undue prejudice in this instance.[2]

     In summary, defendants would not be unduly prejudiced by the amendments sought by plaintiffs. Accordingly, plaintiffs are granted leave to amend their Complaint.

---

[2] I make no determination as to whether or not plaintiffs are in fact entitled to a jury trial.

8 - OPINION & ORDER

## CONCLUSION

Based on the reasons above, plaintiffs' motion for leave to amend the Complaint (doc. #88) is GRANTED.

IT IS SO ORDERED.

Dated this \_\_\_\_19\_\_\_\_ day of \_\_\_MAR\_\_\_, 2013.

_____
MARCO HERNANDEZ
United States District Judge

9 - OPINION & ORDER