IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


PETER SAVAGE, CLIFF PUCKETT,
V. MICHAEL WALLACE, and
GABRIEL TRIPLETT,

                Plaintiffs,

                                                No. 3:12-cv-01317-HZ

                                                OPINION & ORDER

    v.

DOUG TWEEDY, PACIFIC NORTHWEST
REGIONAL COUNCIL OF CARPENTERS,
and UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA,

                Defendants.


Catherine A. Highet
PORTLAND LAW COLLECTIVES, LLP
1130 SW Morrison, Suite 407
Portland, OR 97205

        Attorney for Plaintiff

Daniel M. Shanley
James L. Francesconi
Matthew E. Malmsheimer

1 - OPINION & ORDER

HAGLUND KELLEY HORNGREN JONES & WILDER, LLP
200 SW Market Street, Suite 1777
Portland, OR 97201

  Attorneys for Doug Tweedy and Northwest Pacific Regional Council of Carpenters

Brian F. Quinn
DECARLO, CONNOR & SHANLEY PC
101 Constitution Avenue, NW
Washington, DC 20001

Daniel M. Shanley
James L. Francesconi
Matthew E. Malmsheimer
HAGLUND KELLEY HORNGREN JONES & WILDER, LLP
200 SW Market Street, Suite 1777
Portland, OR 97201

  Attorneys for United Brotherhood of Carpenters and Joiners of America

HERNANDEZ, District Judge:

  Plaintiffs Peter Savage, Cliff Puckett, V., Michael Wallace, and Gabriel Triplett filed a Complaint on July 19, 2012, against the United Brotherhood of Carpenters and Joiners of America ("UBC"); the UBC's subordinate body–the Pacific Northwest Regional Council of Carpenters ("Regional Council"); and Doug Tweedy, the Regional Council's Executive Secretary Treasurer.  The Complaint alleged violations of Plaintiffs' free speech rights and due process rights under the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"). Compl., ¶¶ 37-43.  Specifically, Plaintiffs alleged violations under the LMRDA based on their removal from elected office within the Carpenters union, deprivation of their membership privileges, and the fines imposed on them by Defendants.

  On December 13, 2012, I issued an Opinion & Order dismissing Plaintiffs' claims against the UBC because they failed to allege facts supporting their claim that the UBC was liable for ratifying the penalties imposed by Local 156 of the United Brotherhood of Carpenters

and Joiners of America ("Local 156") and adopted by the Regional Council.  After giving

Plaintiffs leave to amend their Complaint, Plaintiffs filed a First Amended Complaint.  The First

Amended Complaint re-alleges the claims in the Complaint and seeks an additional claim that

Section 51A(1) of the UBC Constitution, which precludes members from causing dissention

among members, is facially invalid and therefore, void.

Now before me is Defendants' second motion to dismiss (dkt. #103), which seeks to

dismiss Plaintiffs' ratification claim against the UBC and Plaintiffs' new claim that Section

51A(1) of the UBC Constitution is facially invalid.  For the reasons that follow, Defendants'

motion is granted.

**STANDARD**

In considering a Rule 12(b)(6) motion, the court must "accept as true all of the factual

allegations contained in the complaint" and may dismiss the case "only where there is no

cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially

plausible claim to relief."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted); Shroyer

v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010) (citing Ashcroft v.

Iqbal, 556 U.S. 662, 677-78 (2009)).

A claim has facial plausibility when a plaintiff "pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 556 U.S. at 678 (citation omitted).  The facts alleged must demonstrate "more than labels

and conclusions, and a formulaic recitation of a cause of action's elements will not do."  Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678

(citation omitted).  "[C]onclusory allegations and unwarranted inferences are insufficient to

defeat a motion to dismiss." <u>Oklevueha Native Am. Church of Haw., Inc. v. Holder</u>, 676 F.3d

829, 834 (9th Cir. 2012) (citation omitted).  "The plausibility standard is not akin to a probability

requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . .

. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops

short of the line between possibility and plausibility of entitlement to relief." <u>Iqbal</u>, 556 U.S. at

678 (citations and internal quotation marks omitted).

## DISCUSSION

### I. Claims Against the UBC

Plaintiffs contend that their allegations make it plausible that the UBC is liable for

ratifying Local 156's actions and therefore their claims against the UBC should not be dismissed.

I disagree.

An international union such as the UBC "incur[s] liability on a theory of ratification only

if it affirm[s] the Local's actions 'with full knowledge that it was part of an overall scheme to

suppress dissent in violation of the LMRDA.'" <u>Moore v. Local Union 569 of Int'l Bhd. of Elec.</u>

<u>Workers</u>, 989 F.2d 1534, 1543 (9th Cir. 1993) (citing <u>Rodonich v. House Wreckers Union Local</u>

<u>95 of Laborers' Int'l Union</u>, 817 F.2d 967, 973 (2d Cir. 1987)); <u>see also</u> <u>Rodonich</u>, 817 F.2d at

973 ("success of plaintiffs' LMRDA claims depends on proof that their retaliatory discharge

from office was part of an overall scheme to suppress dissent within the union").  Here, Plaintiffs

allege that the "Trial Committee found [P]laintiffs . . . guilty and recommended a penalty of

removal from office, suspension of membership privileges . . ., and a monetary fine of

$1,000.00."  First Am. Compl., ¶ 28 (internal quotation marks omitted).  Plaintiffs allege that the

"Regional Council adopted all recommended penalties" and that the "[UBC's] Appeals Board

denied [P]laintiffs' appeal".  <u>Id.</u>, ¶¶ 31-33.  Plaintiffs allege that the UBC "had full knowledge

that the discipline described . . . was part of an overall scheme to take actions in violation of the LMRDA." Id., ¶ 35.  These allegations do not support the inference that the UBC ratified Local 156's actions.  Rather, they simply establish that the UBC denied Plaintiffs' appeal imposed by Local 156 and adopted by the Regional Council.  To the extent Plaintiffs allege that the UBC acted with "full knowledge" that their discipline "was part of an overall scheme to take actions in violation of the LMRDA", I need not assume such allegation as true as it amounts to a conclusion of law and an unwarranted inference unsupported by any factual allegations.  See Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996) ("conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim") (citation omitted).

        The other allegations in the First Amended Complaint also fail to support Plaintiffs' ratification theory.  Plaintiffs rely on their allegations that "Defendants encouraged and assisted" the charging parties and that the UBC's District Vice President, Mike Draper, "intentionally enhanced the illegal effect of defendants' discipline on plaintiffs' and other members' protected activity."  First Am. Compl., ¶¶ 24, 37.  Plaintiffs, however, allege no facts showing how the UBC "encouraged and assisted" the charging parties or how Draper "intentionally enhanced the illegal effect of defendants' discipline".  Plaintiffs' conclusory allegations simply amount to bald allegations and unwarranted inferences and as such, do not support their ratification theory against the UBC.

        Plaintiffs also allege that Draper threatened that if the party Plaintiffs support–the Reform Party–gained control of the Regional Council, the UBC would put the Regional Council under trusteeship so fast that their heads would spin.  Id., ¶¶ 37-38.  They also allege that Draper publicly mocked and criticized the Reform Party and its supporters, that Draper made his

mockery at an official training for election delegates, and that Plaintiffs provided the UBC with evidence of how their discipline violated the LMRDA.  Id., ¶¶ 13, 36-38.  In addition, Plaintiffs allege that the UBC vacated the first Local 156 election in which the Reform Party had prevailed without providing candidates an opportunity to be heard and that "[t]he penalty recommended against plaintiffs was unprecedented in its severity . . . [and] were far more severe than those recommended against participants who held no elected office."  Id., ¶¶ 20, 31.  These allegations, even when assumed to be true, simply do not support an inference that the UBC ratified Local 156's actions in violation of the LMRDA.  Notably lacking from the First Amended Complaint are any allegations showing that Draper was involved with the UBC Appeals Board's denial of Plaintiffs' appeal or that Draper influenced the UBC Appeals Board's decision.  Also missing are any facts raising an inference that the UBC affirmed Local 156's actions with full knowledge that it was part of an overall scheme to suppress Plaintiffs' dissent as required under Moore, 989 F.2d at 1543 and Rodonich, 817 F.2d at 973.  Plaintiffs' allegations merely show that the UBC's Appeals Board denied Plaintiffs' appeal of the Regional Council's decision.  First Am. Compl., ¶¶ 31-33.

In sum, even when assuming Plaintiffs' factual allegations as true and construing them in the light most favorable to Plaintiffs, the facts do not support an inference that the UBC had knowledge that it was acting as part of an overall scheme to suppress Plaintiffs' dissent in violation of the LMRDA.  Defendants' motion to dismiss Plaintiffs' ratification claim against the UBC is granted.

## II. Plaintiffs' Facial Challenge to Section 51A(1) of the UBC Constitution

Plaintiffs' new claim challenges Section 51A(1) of the UBC Constitution precluding members from "[c]ausing dissension among the members of the United Brotherhood" on the

basis that it is facially invalid and seeks an order declaring Section 51A(1) void as a matter of law.[1]  Shanley Decl., Ex. B, p. 3.  Plaintiffs' arguments miss the mark.

Section 411 of the LMRDA governs freedom of speech and assembly in unions.  That section provides:

> Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings . . .

29 U.S.C. § 411(a)(2).

"Section 411(a)(2) does not provide rights identical in scope to those provided by the First Amendment, however.  Unions may adopt and enforce rules that interfere with the interests protected by § 411(a)(2) so long as the rules are reasonable."  Kofoed v. Int'l Bhd. of Elec. Workers, Local 48, 237 F.3d 1001, 1005 (9th Cir. 2001) (citing United Steelworkers of Am., AFL-CIO-CLC v. Sadlowski, 457 U.S. 102, 109, 111 (1982)).  The Ninth Circuit has set forth the test courts must follow when determining whether a union rule is reasonable under the LMRDA, stating, "Under Sadlowski, a court must first consider whether the [union's] rule interferes with an interest protected by the first part of [§ 411(a)(2)] . . . [and must] then determine[] whether the rule is reasonable."  Id. (internal quotation marks and citations omitted). "The critical question is whether a rule that partially interferes with a protected interest is nevertheless reasonably related to the protection of the organization as an institution."  Id.

Here, Plaintiffs do not expressly argue that Section 51A(1) of the UBC Constitution is unreasonable.  Rather, they request that this Court apply the vagueness and overbreadth doctrines of the First Amendment to Section 51A(1) and seek an order declaring that Section 51A(1) is

---

[1] Plaintiffs were charged with, among other things, violating Section 51A(1) of the UBC Constitution.

facially invalid.  Plaintiffs, however, cite no binding precedent supporting their position that the

vagueness and overbreadth doctrines under the First Amendment apply to union rules.

Furthermore, the cases Plaintiffs cite do not persuade me to conclude that they may challenge a

union rule as facially invalid.  For example, in Knight v. International Longshoremen's Ass'n.,

457 F.3d 331, 336-37 (3d Cir. 2006), the district court abstained from considering whether the

union's rule precluding the use of the union's logo violated members' free speech rights under §

411(a)(2).  The Third Circuit held that the district court erred by abstaining because "[a]bstention

is generally inappropriate in cases involving facial challenges to laws or provisions that curtail

free speech" and because "[g]enerally, the repeated use of a controversial provision will preclude

abstention by courts."  Knight, 457 F.3d at 338 (citation omitted).  Unlike Knight, Plaintiffs do

not allege that Defendants repeatedly used Section 51A(1) of the UBC Constitution to chill the

speech of union members.  Moreover, unlike Knight, Defendants do not ask me to abstain from

addressing Plaintiffs' facial challenge.  Rather, they explicitly ask that I address the issue.

Plaintiffs also rely on Bishop v. International Ass'n of Bridge, Structural, Ornamental

and Reinforcing Iron Workers, 310 F. Supp. 2d 33, 40-41 (D.C. 2004), where the court

concluded that union provisions prohibiting the discussion of union matters with outsiders was

overbroad.  Although that case favors Plaintiffs' position, I do not find it persuasive in light of

Quigley v. Giblin, 569 F.3d 449 (D.C. Cir. 2009), a more recent opinion by the United States

Court of Appeals for the District of Columbia Circuit.  In Quigley, 569 F.3d at 457-58, the

United States Court of Appeals for the District of Columbia Circuit stated that the court was "not

convinced that a union member c[ould] bring a vagueness challenge to a union rule" because

"the Supreme Court [had] rejected the notion that the scope of [section] 101(a)(2) [is] identical to

the scope of the First Amendment . . . ."  (Citations and internal quotation marks omitted).

Although <u>Quigley</u> addressed a vagueness challenge to union rules–not an overbreadth challenge as here, I conclude the same reasoning applies.  As stated in <u>Sadlowski</u>, 457 U.S. at 111 and <u>Kofoed</u>, 237 F.3d at 1005, Congress did not intend § 411(a)(2) to protect union members to the same extent as the First Amendment.  Plaintiffs provide no compelling reason explaining why a vagueness challenge to a union rule under § 411(a)(2) warrants a different analysis than an overbreadth challenge to the same union rule.

More important, as stated above, the Ninth Circuit has expressly set forth the sequential steps for analyzing whether a union rule is reasonable under the LMRDA.  A court must first consider whether a union's rule interferes with an interest protected under § 411(a)(2), and must then determine whether the rule is reasonable, including whether the "rule that partially interferes with a protected interest is nevertheless reasonably related to the protection of the organization as an institution."  <u>Kofoed</u>, 237 F.3d 1005.  Here, Plaintiffs' First Amended Complaint merely alleges that a "reasonable union member reading [Section 51A(1)] would understand it to prohibit a wide array of LMRDA-protected activities" and that "[t]he existence of [Section 51A(1)] unreasonably chills LMRDA-protected activities."  First Am. Compl., ¶¶ 50-51.  Even when assuming Plaintiffs' alleged facts as true and considering them in the light most favorable to Plaintiffs, they do not satisfy the elements of the rule set forth in <u>Kofoed</u>.  Because Plaintiffs fail to adequately plead facts establishing that Section 51A(1) violates the LMRDA, their claim must be dismissed.

/ / /

/ / /

9 - OPINION & ORDER

## CONCLUSION

Based on the reasons above, Defendants' motion to dismiss (doc. #103) is GRANTED.

IT IS SO ORDERED.

Dated this _11_ day of _aug_, 2013.

_____
MARCO A. HERNANDEZ
United States District Judge